DANAHY, Chief Judge.
In 1984 the Pinellas County Circuit Court adjudicated the appellant not guilty by reason of insanity of charges of attempted burglary. The appellant was involuntarily hospitalized in the Florida State Hospital at Chattahoochee pursuant to court order. In the mandated review procedures of section 916.15, Florida Statutes (1985),[1] and Florida Rule of Criminal Procedure 3.218,[2] the hospital filed a report in which the appellant’s treatment team agreed that the appellant *463 continued to meet the criteria for involuntary commitment. The appellant challenged this report and requested an evaluation of his status by independent experts and a hearing in the Circuit Court concerning further commitment. See Johnson v. Feder, 485 So.2d 409 (Fla.1986).
The court granted the appellant’s motion and appointed two independent experts who separately evaluated the appellant. Both experts reported, as the hospital had, that he continued to meet the criteria for involuntary commitment. The public defender appointed to represent the appellant moved the court for an order to transport the appellant from Chattahoochee to Pinel-las County so he could be present at the hearing on his continued involuntary commitment. At the hearing on the motion to transport, the appellee opposed the motion on the grounds that all expert testimony was in agreement that the appellant continued his need for involuntary commitment; therefore, the appellant’s “input would be minimal at best.” The appellee further cited a letter from the attorney in the office of Patient Legal Services at the hospital who recommended that the appellant’s absence from the hospital be kept to a minimum and, of great importance, that there be no interruption in the schedule of the appellant’s required medication. The court denied the appellant’s motion to transport finding that the evidence was overwhelming regarding his continued need for commitment and that the appellant’s best interests would not be served by transporting him out of the hospital for attendance at the hearing and that he would not be prejudiced thereby. The appellant appeals from the order denying his motion to transport.[3]
The issue before us is a narrow one: At a hearing for continued involuntary commitment pursuant to section 916.15, Florida Statutes (1985), and Florida Rule of Criminal Procedure 3.218, where all the evidence to be presented recommends continued involuntary commitment, does the defendant have a right to be personally present? We hold that the statute and the rule accord the defendant such right even in the face of the evidence we have outlined above. We need not, and, therefore, do not, decide whether this right is absolute; the case before us is not one in which we are called upon to review the denial of a defendant’s request to be present where some “compelling circumstance” might justify the denial as an exception to the plain language of the statute and rule. See Brooks v. State, 504 So.2d 27 (Fla. 1st DCA 1987). The only evidence presented in the case before us that could possibly be construed as militating against transport is a letter by an attorney for the hospital[4] containing a request that the defendant be out of the hospital for as short a period as possible and that he continue his medication without interruption during such transport. Nowhere in the record do we find competent substantial evidence, rising to the level of a com *464 pelling reason, see Brooks, indicating that the appellant’s continuing treatment would be jeopardized, as the state argues, by such transport. Absent such evidence the trial court in this case had no basis to disregard the plain mandate of the statute and the rule.
The state further suggests that the overwhelming and unrefuted testimony of the experts regarding the appellant’s continued need for involuntary commitment supports the trial court’s ruling in refusing to grant the order. Overwhelming evidence of the appellant’s need for continued involuntary commitment does not relate to the threshold question of his right to be personally present at the hearing. This weight-of-the-evidence argument is directed to a determination on the merits of the continued involuntary commitment. The overwhelming and unrefuted nature of the evidence is not of the type that would properly excuse the defendant’s presence. Evidence which could excuse the defendant’s personal presence could show voluntary waiver, Amazon v. State, 487 So.2d 8 (Fla.1986) (defendant’s absence from jury view of scene of crime during trial for first degree murder), or show disruptive behavior, Peede v. State, 474 So.2d 808 (Fla.1985) (during trial for first degree murder), or, of course, expert evidence that transportation out of the hospital to the hearing would injure the defendant’s mental or emotional condition as discussed above. Simply because the evidence is overwhelming and unrefuted cannot deny the defendant’s presence at this adjudicatory hearing, especially when the defendant desires to be present.
We therefore reverse the trial court’s denial of the appellant’s motion for transport to his hearing in accord with section 916.15, Florida Statutes (1985), and Florida Rule of Criminal Procedure 3.218. We remand for further proceedings consistent with this opinion.
Reversed and remanded.
SCHEB and CAMPBELL, JJ., concur.

. The statute provides as follows:
(1) A person who is acquitted of criminal charges because of a finding of not guilty by reason of insanity may be involuntarily committed pursuant to such finding if he is mentally ill and, because of his illness, is manifestly dangerous to himself or others.
(2) Every person acquitted of criminal charges by reason of insanity and found to meet the criteria for involuntary commitment may be committed and treated in accordance with the provisions of this section and the applicable Rules of Criminal Procedure. The department shall admit a defendant so adjudicated to an appropriate facility or program for treatment and may retain and treat such defendant. No later than 6 months after the date of admission, prior to the end of any period of extended commitment, or at any time the administrator shall have determined that the defendant no longer meets the criteria for continued commitment placement, the administrator shall file a report with the court pursuant to the applicable Rules of Criminal Procedure.
(3) In all proceedings under this subsection, both the patient and the state shall have the right to a hearing before the committing court. Evidence at such hearing may be presented by the hospital administrator or his designee as well as by the state and the defendant. The defendant shall have the right to counsel at any such hearing. In the event that a defendant cannot afford counsel, the court shall appoint the public defender to represent him. The parties shall have access to the defendant’s records at the treating facilities and may interview or depose personnel who have had contact with the defendant at the treating facilities.

. The rule provides the following:
The Department of Health and Rehabilitative Services shall admit to an appropriate facility a defendant found not guilty by reason of insanity pursuant to Rule 3.217 and found to meet the criteria for involuntary hospitalization or placement for hospitalization and treatment and may retain and treat the defendant. No later than six months from the date of admission, the administrator of the facility shall file with the court a report, with copies to all parties, which shall address the issues of further involuntary hospitalization of the defendant. If at any time during the six month period or during any period of extended hospitalization which may be ordered pursuant to this Rule, the adminis *463 trator of the facility shall determine that the defendant no longer meets the criteria for involuntary hospitalization, the administrator shall notify the court by such a report with copies to all parties.
(a) The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby, and the defendant shall have a right to be present at such hearing. If, following such hearing, the court determines that the defendant continues to meet the criteria for continued hospitalization or treatment, the court shall order further hospitalization or treatment for a period not to exceed one year. The same procedure shall be repeated prior to the expiration of each additional one year period the defendant is retained by the facility-
(b) Prior to any hearing held pursuant to this Rule, the court may on its own motion and shall upon motion of counsel for State or defendant, appoint no fewer than two nor more than three experts to examine the defendant relative to the criteria for continued involuntary hospitalization or placement by the defendant, and shall specify the date by which such experts shall report to the court on these issues, with copies to all parties.

. The appellant does not bring before us the question of the court’s finding that he continued to meet the criteria of involuntary commitment and the subsequent order of continued involuntary commitment which were a further result of this hearing held without the appellant’s presence.

. The attorney in his letter also notes that he was acting merely as a liaison between the patient and the court and defense attorney, not as a representative on behalf of the patient.