575 So.2d 756 (1991)
Michael D. BRADEN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2427.
District Court of Appeal of Florida, First District.
March 5, 1991.
*757 Louis O. Frost, Jr., Public Defender, James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Kathleen E. Moore, Asst. Atty. Gen., for appellee.
CAWTHON, Senior Judge.
Appellant seeks reversal of an order for involuntary commitment. We reverse the order based on the insufficiency of evidence that appellant posed a real and substantial threat of harm to himself or others. To support a finding of involuntary placement, the evidence must establish that appellant posed a real and present threat of substantial harm to himself or others. Welk v. State, 542 So.2d 1343 (Fla. 1st DCA 1989). Even if the other criteria for involuntary placement are met, a nondangerous individual, capable of surviving safely in freedom by himself or with the help of others, should never be involuntarily committed. In re Beverly, 342 So.2d 481 (Fla. 1977); Williams v. State, 522 So.2d 983 (Fla. 1st DCA 1988). The mere need for treatment alone is insufficient to commit an individual. Williams; Neff v. State, 356 So.2d 901 (Fla. 1st DCA 1978).
The experts in the instant case, like the experts in Welk v. State, found the appellant at times verbally and physically aggressive towards others, unpredictable, and in need of a structured environment with supervision. However, just as the experts in Welk, the instant experts did not identify the serious nature of the injury that appellant would sustain if not incarcerated, and did not present any testimony of serious injuries as a result of past episodes. In the instant case, both appellant's psychologist and psychiatrist recommended that appellant be put in a voluntary residence program. They both testified that appellant did not need to be involuntarily placed in the state hospital. Appellant's history likewise establishes that appellant can survive safely outside of involuntary placement and will not be a threat to himself or others. Accordingly, the order of involuntary placement is reversed.
JOANOS and ZEHMER, JJ., concur.