597 So.2d 352 (1992)
Calvin JORDAN and Frank Byrwa, Appellants,
v.
STATE of Florida, Appellee.
Nos. 91-618 and 91-619.
District Court of Appeal of Florida, First District.
April 13, 1992.
Nancy A. Daniels, Public Defender, Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen., Kathleen E. Moore, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appeals were taken from the trial court's Orders for Involuntary Placement following separate hearings on the Petitions for Involuntary Placement of the appellants, Calvin Jordan and Frank Byrwa. Section 394.467, Florida Statutes (1991), sets out the procedures for involuntary placement. At issue is whether the so-called Baker Hearings were conducted in accordance with the due process rights of Jordan and Byrwa and the requirements of section *353 394.467(3)(a). The statute reads in pertinent part that "[t]he court shall serve notice on the state attorney of the judicial circuit of the county in which the patient is placed, who shall represent the state."
Proper notice of the hearings was served on the Office of the State Attorney, but the trial judge rather than a state attorney examined the witnesses, over the objection of counsel for Jordan and Byrwa. In fact, the Office of the State Attorney was not represented at either hearing. The state contends that the questioning of witnesses is properly within the trial judge's authority and broad discretion. The Florida Evidence Code authorizes the court to call witnesses, who may be cross-examined by all parties, and to interrogate witnesses called by a party or by the court itself "[w]hen required by the interests of justice." Section 90.615, Fla. Stat. The criteria for a finding of involuntary placement are enumerated in section 394.467(1). We find that the trial judge complied with the requirements of section 394.467 in all respects other than requiring the presence of an attorney from the Office of the State Attorney. The trial judge elicited evidence on the question of appellants' mental conditions and made sufficient findings to satisfy the legal criteria of section 394.467(1).
The attorney for appellants contends that it was improper for the trial judge to assume the dual roles of the "prosecutor" in an adversarial proceeding, and the "impartial arbiter" charged with making the weighty determination of whether to order involuntary placement for appellants. The record of the hearings indicates that the trial judge conducted the proceeding in an impartial and neutral manner and accorded appellants all of the constitutional and statutory rights to which they are entitled. If any error resulted from the absence of an attorney to represent the state, the manner in which the hearings were conducted rendered it harmless error. Accordingly, on these particular facts we affirm the Orders for Involuntary Placement.
The state concedes that the language of section 394.467(3) appears to mandate the presence of a state attorney to represent the state. We are cognizant of the additional demands that such a requirement would make on the already overtaxed financial and staffing resources of the state. On the other hand, we are mindful that a deprivation of liberty by commitment to a mental institution cannot be accomplished without due process of law. O'Connor v. Donaldson, 422 U.S. 563, 580, 95 S.Ct. 2486, 2496, 45 L.Ed.2d 396 (1975) (Burger, C.J., concurring); Shuman v. State, 358 So.2d 1333 (Fla. 1978); In re Beverly, 342 So.2d 481 (Fla. 1977).
The gravity of the matters considered at a Baker Act hearing requires the trial court to conduct the proceedings in a fair and neutral manner. Here the trial judge assumed the role more appropriately undertaken by an attorney. We believe that the better practice is for the state to be represented by an attorney from the Office of the State Attorney. In such a manner, the trial court can avoid even the appearance of partiality.
AFFIRMED.
WOLF and WEBSTER, JJ., concur.