611 So.2d 577 (1992)
Larry Donald JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-640.
District Court of Appeal of Florida, First District.
December 31, 1992.
*578 Nancy A. Daniels, Public Defender, and Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Kathleen E. Moore, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant was involuntarily committed to Florida State Hospital, pursuant to the provisions of section 394.467, Florida Statutes (1991). He contends the involuntary placement procedure followed in this case deprived him of the benefits of due process, and failed to comport with the provisions of Florida law governing involuntary placement in a mental health treatment facility. We agree, and reverse.
On January 15, 1992, a petition for involuntary placement to involuntarily hospitalize Larry Donald Jones was filed in the Circuit Court of Escambia County. The petition alleged that appellant meets the criteria for involuntary placement in that he is mentally ill, and "[t]here is substantial likelihood that in the near future said person will inflict serious bodily harm on himself or another person, as evidenced by *579 recent behavior causing, attempting, or threatening such harm."
On January 21, 1992, a hearing was held on the petition. Appellant was present, represented by counsel. Also present were appellant's sister and daughter. There was no appearance for the state, and the record before this court is silent as to whether the state attorney received notice of the proceeding. The psychiatrist who signed the petition for involuntary placement testified that appellant had been discharged recently from University Hospital in Pensacola, against staff recommendations. According to the psychiatrist, appellant "is a danger not only to himself but to all of those around him." During cross examination, the psychiatrist said he felt with "reasonable medical certainty and [his] great personal convictions," that appellant is dangerous. The trial court ascertained that appellant's sister and daughter agreed with the psychiatrist's recommendations for involuntary placement. No objection was raised to any of the psychiatrist's comments or recommendations. Appellant was permitted to address the court, but was admonished to make his remarks brief. After appellant's remarks, the trial court found:
the greater weight of the preponderance of the evidence is that you have done those things and that you are a threat to yourself and to other people. And for that reason, I'm going to have to order that you be involuntarily placed in the Florida State Hospital.
The statutory authority for involuntary commitment of persons incapable of making treatment decisions for themselves is grounded on the parens patriae power vested in the states. In re Beverly, 342 So.2d 481, 485 (Fla. 1977). It is well settled that the seriousness of the deprivation of liberty which, of necessity, occurs when one is subject to involuntary placement in a mental health treatment facility, cannot be accomplished without due process of law. Shuman v. State, 358 So.2d 1333, 1335 (Fla. 1978), quoting O'Connor v. Donaldson, 422 U.S. 563, 580, 95 S.Ct. 2486, 2496, 45 L.Ed.2d 396 (1975). At a minimum, this due process contemplates reasonable notice, a hearing, and the right to effective assistance of counsel at all significant stages of the proceedings, i.e., all judicial proceedings and any other proceedings at which a decision could be made which might result in a detrimental change to the subject's liberty. In re Beverly, 342 So.2d at 489.
The procedure for involuntary placement here applicable is set forth in section 394.467(3)(a), Florida Statutes (1991). This subsection provides, among other things, that a patient for whom the state seeks involuntary placement is entitled to a hearing on the matter, after proper notice to the administrator of the facility in which the patient is placed, and notice to the patient. This provision further provides that
[t]he court shall serve notice on the state attorney of the judicial circuit of the county in which the patient is placed, who shall represent the state.... The patient and his guardian or representative shall be informed of the right to counsel by the court. If the patient cannot afford an attorney, the court shall appoint one... . One of the professionals who executed the involuntary placement certificate shall be a witness... .
The record reflects that the involuntary placement proceeding in this case was conducted with a minimal recognition of appellant's right to due process of law. The state attorney's office was not represented at the hearing, and there is nothing in the record to indicate that notice was served on the state. We are cognizant that in proper circumstances, the absence of a representative for the state in a Baker Act proceeding may be deemed harmless. See Jordan v. State, 597 So.2d 352 (Fla. 1st DCA 1992). However, in the instant case, it appears the absence of the state was a contributing factor in the due process deficiencies attendant upon the proceeding. Appellant's treating psychiatrist was the only witness. He testified in a loose, narrative fashion, marked by generalities and speculation concerning appellant's potential for violence. The psychiatrist's opinions seemingly were based upon reports received *580 from other unidentified persons, which hearsay went unchallenged.
Similar deficiencies occurred with respect to the sufficiency of the evidence to support the order for involuntary placement. Involuntary placement of an individual for treatment, as set forth in section 394.467(1), Florida Statutes (1991), requires:
a finding of the court by clear and convincing evidence that:
(a) He is mentally ill and because of his mental illness:
1.a. He has refused voluntary placement for treatment after sufficient and conscientious explanation and disclosure of the purpose of placement for treatment; or
b. He is unable to determine for himself whether placement is necessary; and
2.a. He is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, he is likely to suffer from neglect or refuse to care for himself, and such neglect or refusal poses a real and present threat of substantial harm to his well-being; or
b. There is substantial likelihood that in the near future he will inflict serious bodily harm on himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm; and
(b) All available less restrictive treatment alternatives which would offer an opportunity for improvement of his condition have been judged to be inappropriate. (Emphasis supplied.)
Application of the statutory criteria to the record in this case indicates an absence of the requisite "clear and convincing evidence" that due to mental illness, appellant meets the criteria outlined in section 394.467(1). The only evidence that appellant refused treatment was the treating psychiatrist's testimony that appellant was discharged from University Hospital "against our recommendations." No evidence was presented that a "sufficient and conscientious explanation" of the need for treatment was provided, no clear and convincing evidence was presented that appellant could not determine for himself whether placement is necessary, and no evidence was presented that appellant is incapable of surviving alone or with the help of others. Evidence concerning appellant's potential to inflict harm was based on the psychiatrist's testimony that an unidentified doctor said appellant "was throwing items, hollering and threatening that he will get him," and that appellant acted aggressively on a few occasions, and threatened harm to his son-in-law.
"To support a finding of involuntary placement, the evidence must establish that appellant posed a real and present threat of substantial harm to himself or others." Braden v. State, 575 So.2d 756, 757 (Fla. 1st DCA 1991), citing Welk v. State, 542 So.2d 1343 (Fla. 1st DCA 1989). In Braden and Welk, as in the instant case, the experts found the appellant "at times verbally and physically aggressive towards others, unpredictable, and in need of a structured environment with supervision." 575 So.2d at 757. The expert did not identify the nature of the injury appellant would sustain if not committed, and presented no evidence of serious injuries resulting from past episodes of appellant's allegedly violent behavior. See Smith v. State, 508 So.2d 1292 (Fla. 1st DCA 1987) (state was unable to furnish a factual basis for the conclusions reached by the treating physician, which in turn were relied upon by the trial court in ordering involuntary placement).
We conclude the due process requirements of the statute were not met, and the proof submitted as the basis for involuntary commitment at Florida State Hospital was insufficient to satisfy the "clear and convincing" standard of proof required by the governing statute. The trial court's order of involuntary placement recited facts set forth in the petition, but these facts were not developed at the hearing. Rather, the treating psychiatrist's testimony concerning appellant's potential to inflict bodily harm upon himself or others rested in large measure upon assumptions *581 drawn from statements made by other persons. Accordingly, the order of involuntary placement is reversed.
SHIVERS and WEBSTER, JJ., concur.
JOANOS, C.J., specially concurring in result with written opinion.
JOANOS, C.J., specially concurring in result.
I respectfully disagree with the majority view that the proof submitted as the basis for involuntary commitment was insufficient.
However, I am concerned as to whether the procedure involved was sufficient to provide the appellant with an adequate opportunity to present his case. I, therefore, agree with the majority that the appellant was not afforded the due process requirements of the statute. Of especial importance is that the appellant was not given an opportunity to present his testimony until after the judge had announced his intent to follow the recommendation of involuntary placement advanced by the psychiatrist. Even then he was hurried by the admonition that he be brief as they had "a lot of hearings".
I, therefore, concur in the result reached. The appellant should be given a new hearing held in compliance with Section 394.467, Florida Statutes (1991).