642 So.2d 670 (1994)
Michael WICKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 93-721.
District Court of Appeal of Florida, First District.
September 22, 1994.
Nancy A. Daniels, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Kathleen E. Moore, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant challenges a Baker Act order of involuntary placement for treatment pursuant to section 394.467, Florida Statutes. We reverse the order because the trial judge failed to comply with the requirements of the statute.
Section 394.467 identifies the criteria and procedure to be used in determining whether an individual may be involuntarily placed in a treatment facility. If the individual does not waive the right to a hearing when a petition is filed for such placement, section 394.467(3)(a) directs that the "court shall serve notice on the state attorney ... who shall represent the state." There is no indication that such notice was served in the present case, and the state attorney did not appear at the hearing. Instead, the judge elicited the state's evidence. We have disapproved such noncompliance with the statutory procedure. See Jones v. State, 611 So.2d 577 (Fla. 1st *671 DCA 1992); Jordan v. State, 597 So.2d 352 (Fla. 1st DCA 1992).
The appellee contends that the court's disregard of the statutory mandate may be deemed harmless, as in Jordan. However, such deviation from the statute was not harmless in Jones, where it impacted due process concerns. Furthermore, in the present case the court was clearly on notice regarding its obligation to comply with the statute, as this court's decisions in Jones (involving the same trial judge) and Jordan were issued before the present hearing.
At the commencement of the hearing the appellant requested a continuance in order to present the testimony of a psychiatrist who was not then available. The court denied this request, and proceeded to elicit the state's evidence. As in Jones, the state's psychiatrist testified in a loose narrative manner, without clearly asserting personal knowledge as to all of the underlying facts. The testimony also encompassed some degree of generality and speculation, and the witness suggested that the appellant's main obstacle in living outside a treatment facility was his refusal to take medication.
When the hearing was concluded the court entered the appealed order which refers to the testimony of the state's psychiatrist and two other persons, but these two other persons did not testify at the hearing. And the order describes the factual basis of the ruling by quoting verbatim from the petition for involuntary placement.
As in Jones, in light of the procedural irregularity and due process concerns here involved, as well as the section 394.467(1) requirement that the necessary criteria be shown by clear and convincing evidence, the appealed order is reversed.
WEBSTER and LAWRENCE, JJ., concur.