689 So.2d 1179 (1997)
Ryan JOEHNK, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3470.
District Court of Appeal of Florida, First District.
March 10, 1997.
Rehearing Denied April 9, 1997.
*1180 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, Charlie McCoy, Assistant Attorney General, Tallahassee, for appellee.
WOLF, Judge.
Appellant challenges a final order of commitment under the Baker Act. Appellant argues that it was error to conduct his commitment hearing outside of his presence and without sufficiently determining that he had voluntarily waived his right to be present. The state argues that appellant's lawyer waived appellant's presence by telling the court that appellant did not wish to be present. We determine 1) that appellant has a fundamental right to be present at the commitment proceeding, see Hockensmith v. State, 524 So.2d 462 (Fla. 2d DCA 1988), and Wickland v. State, 642 So.2d 670 (Fla. 1st DCA 1994); and 2) that while a defendant may waive his or her rights to be personally present and be constructively present through counsel, the court must certify through proper inquiry that the waiver is knowing, intelligent and voluntary. Jarrett v. State, 654 So.2d 973, 975 (Fla. 1st DCA 1995). No attempt to make an inquiry was done in the present case. We, therefore, reverse and remand for a new hearing. In light of our ruling on this issue, it is unnecessary for us to reach the other issue raised by appellant.
JOANOS and VAN NORTWICK, JJ., concur.