PER CURIAM.
Clarence Williams appeals an order involuntarily committing him under section 394.467, Florida Statutes (1995). Williams argues, among other things, that the trial court erred in holding the commitment hearing outside of his presence and without establishing that he had waived his right to be personally present. We recently held in Joehnk v. State, 689 So.2d 1179 (Fla. 1st DCA 1997), that in a Baker Act commitment proceeding the defendant “has a fundamental right to be present at the commitment proceeding [and] ... while a defendant may waive his or her rights to be personally present and be constructively present through counsel, the court must certify through proper inquiry that the waiver is knowing, intelligent and voluntary.” Id. (citations omitted). Because the record does not reflect that Williams waived his right to be present, we reverse and remand for a new commitment hearing.
REVERSED and REMANDED.
BOOTH, WOLF and VAN NORTWICK, JJ., concur.