765 So.2d 275 (2000)
Jonathan F. IBUR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-0208.
District Court of Appeal of Florida, First District.
August 16, 2000.
*276 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
BARFIELD, C.J.
We find that the hearing officer reversibly erred in not permitting appellant to testify at his hearing for involuntary hospitalization. Because involuntary commitment is a substantial deprivation of liberty at which fundamental due process protections must attach, the patient cannot be denied the right to be present, to be represented by counsel, and to be heard.[1] Denial of the due process right to be heard prior to deprivation of one's liberty is fundamental error which may be raised on appeal even if not preserved below. The error cannot be considered harmless, because the fundamental fairness of the commitment proceeding is called into question.
The order of commitment is REVERSED and the case is REMANDED to the trial court for further proceedings which accord the appellant due process of law.
MINER and PADOVANO, JJ., CONCUR.
NOTES
[1] See Chalk v. State 443 So.2d 421 (Fla.2d DCA 1984), in which the court held that the due process rights of a patient involuntarily committed to a mental institution were violated when his trial counsel was not allowed to present a closing argument, and that such a patient has a right to closing argument "regardless of the length of the hearing or the apparent simplicity of the issues presented." See also Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) ("the function of legal process is to minimize the risk of erroneous decisions" and "civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection"); Humphrey v. Cady, 405, U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972) ("[t]hose whom the state seeks to involuntarily commit to a mental institution are entitled to the protection of our Constitutions, as are those incarcerated in our correctional institutions"); Shuman v. State, 358 So.2d 1333 (Fla.1978) (indigents who have been involuntarily committed to a mental institution are entitled to due process and equal protection just as those who are committed to a correctional institution); In re Beverly, 342 So.2d 481 (Fla.1977) ("[t]he seriousness of the deprivation of liberty and the consequences which follow [an] adjudication of mental illness make imperative strict adherence to the rules of evidence generally applicable to other proceedings in which an individual's liberty is in jeopardy").