946 So.2d 50 (2006)
Ezekiel REGISTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4521.
District Court of Appeal of Florida, First District.
December 15, 2006.
Nancy A. Daniels, Public Defender, Dan B. Hendrickson and David P. Gauldin, Assistant Public Defenders, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Alexandria Walters, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant, Ezekiel Register, appeals an order of involuntary inpatient placement under section 394.467, Florida Statutes (2006). The appellant argues, among other things, that counsel's waiver of the appellant's presence at the commitment hearing was insufficient to allow the hearing to proceed. The state asserts that this issue was not preserved for review.
A patient has a fundamental right to be present at a commitment proceeding. Joehnk v. State, 689 So.2d 1179, 1180 (Fla. 1st DCA 1997). While a patient may waive his or her right to be personally present and be constructively present through counsel, a court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary. Id. Furthermore, a denial of the due process right to be present at an involuntary commitment hearing is fundamental error *51 which may be raised on appeal even if not preserved below. See Ibur v. State, 765 So.2d 275, 276 (Fla. 1st DCA 2000) (holding that a denial of the due process right to be heard prior to the deprivation of one's liberty is fundamental error).
Because the court below did not certify through proper inquiry that the waiver was knowing, intelligent, and voluntary, we reverse and remand for a new commitment hearing.
REVERSED and REMANDED.
BROWNING, C.J., DAVIS, and LEWIS, JJ., concur.