953 So.2d 688 (2007)
Willie S. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5941.
District Court of Appeal of Florida, First District.
April 4, 2007.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Shelly L. Marks, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant, Willie S. Brown, appeals an order of involuntary inpatient placement under section 394.467, Florida Statutes (2006). The appellant argues that the appellant's alleged waiver of his presence at the commitment hearing was insufficient to allow the hearing to proceed. The state concedes this point for purposes of this appeal but indicates that the appellant was recently placed in a less restrictive alternative and therefore a rehearing on the matter is moot. We have considered the parties' arguments on this point and discharge the Court's show cause order of February 26, 2007, pursuant to Godwin v. State, 593 So.2d 211 (Fla.1992). Further, we agree with the appellant on the merits and therefore remand for a new commitment hearing.
A patient has a fundamental right to be present at a commitment proceeding. Register v. State, 946 So.2d 50, 50 (Fla. 1st DCA 2006); Joehnk v. State, 689 So.2d 1179, 1180 (Fla. 1st DCA 1997). *689 A patient may waive his or her right to be personally present, but a court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary. Register, 946 So.2d at 50. The court below did not address or question whether the appellant's waiver was knowing, intelligent, and voluntary; therefore, this matter must be remanded for a new hearing.
Further, remand is proper because the collection and determination of fees for patients in treatment facilities are collateral legal consequences that affect the rights of a party which prevent an otherwise moot case from being dismissed. Godwin, 593 So.2d at 212.
Accordingly, we reverse and remand for a new commitment hearing.
REVERSED and REMANDED.
BARFIELD, WOLF, and VAN NORTWICK, JJ., concur.