508 So.2d 1292 (1987)
Charles T. SMITH, III, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-167.
District Court of Appeal of Florida, First District.
June 12, 1987.
Louis O. Frost, Jr., Public Defender, Robert Corse, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., James W. Sloan, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals an order involuntarily committing him to the state mental hospital under the Baker Act, section 394.451, et. seq., Florida Statutes (1985). We reverse and remand for further proceedings.
After appellant's third temporary hospitalization in a mental facility and his involvement in an altercation with the police, as a result of which he received several contusions requiring medical treatment, a petition for involuntary placement was filed pursuant to section 394.467(2), Florida Statutes (1985). A hearing was held, and the trial court entered the order appealed committing appellant. The parties do not dispute that appellant, who believes he owns Amelia Island, is mentally ill. Instead, the question on appeal is whether the state proved at the hearing below that appellant is a danger to himself or others, section 394.467(1)(a)2.b., by clear and convincing evidence. See In Re Beverly, 342 So.2d 481 (Fla. 1977).
Appellant's treating physician, Dr. Harry Liebeskind, testified for the state. On the *1293 point in controversy, he testified that appellant's "beliefs made him dangerous in the sense that he becomes very aggressive and elicits aggression from others based on his agressiveness, so that his agressiveness endangers him in the face of five or six police officers who are trying to do their job and enforce the law in Fernandina Beach, Florida." Dr. Liebeskind testified that appellant was not suicidal in the sense that he verbalized or planned to kill himself, but, in Dr. Liebeskind's opinion, it was suicidal for appellant to have an altercation with the Nassau County Sheriff's Office. He felt that appellant "was never going to get along with the police authorities in Nassau County because it was their opinion that he was not the owner of Amelia Island and that was an insolvable situation."
On the other hand, Dr. Legum, the independent expert appointed by the court, testified that appellant was not likely to injure himself or others with any reasonable likelihood or prognosis.
Neither appellant nor the police officers involved in the altercation with appellant testified to explain the circumstances of appellant's confrontation with the police. We do not know whether the actions of appellant caused his injuries, whether injuries were the reasonably necessary consequence of appellant's actions, or whether the likelihood of injuries to applicant in the future must reasonably be anticipated. Further, there was no evidence that appellant threatened or did inflict serious bodily harm to the police officers in his altercation with them.
The key to this case is found in the state's inability  without relying upon assumption  to state a factual basis for the conclusions reached by Dr. Liebeskind, which in turn were relied upon by the trial court in ordering involuntary placement. In its brief, the state explains that appellant "was hospitalized with injuries from an altercation with the police, apparently a result of differences of opinions as to Mr. Smith's lack of attire and appropriateness thereof." Again, on another page of its brief, the state recites that there were "two instances where law enforcement authorities found it necessary to pick up Mr. Smith and apparently were required to use force in doing so." On the critical issue of why force was used against appellant, the state relies on speculation and admits by the use of the phrase "apparently" that there is no clear evidence in the record which explains the use of force against appellant. In sum, there is not clear and convincing evidence which supports the conclusion that because appellant was injured by the police that there is a substantial likelihood that in the near future he will inflict serious bodily harm on himself or another person so as to meet the requirements of the statute for involuntary hospitalization.
We find a deficiency in the proof thus far to meet the requirements of the statute. Because it appears in the record that evidence does exist on the point of whether appellant is likely to inflict serious bodily harm on himself or another person in the future, we remand for further proceedings with directions that the trial court forthwith require the production of further testimony to establish the presence of this statutory criteria, failing which appellant shall be discharged. Compare Crum v. State, 507 So.2d 759 (Fla. 1st DCA 1987).
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, C.J., and ERVIN, J., concur.