522 So.2d 983 (1988)
Kathryn WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1157.
District Court of Appeal of Florida, First District.
March 23, 1988.
*984 Michael E. Allen, Public Defender and Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Jeffrey M. Dikman, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant seeks review of an order of involuntary placement under the Baker Act, section 394.467, Florida Statutes. Finding the evidentiary record does not support placement, we reverse and order appellant be released.
At the initial hearing, it was shown that appellant lived in somewhat unkept conditions in a home she shared with family members. She had wandered away from her home on several occasions to loiter at a nearby convenience store. She was diagnosed as suffering from paranoid schizophrenia for which she took medication. As an alternative to ruling on placement, the trial court directed that appellant reside with her daughter Patricia and Patricia's husband, who testified to their willingness to supervise Mrs. Williams, and directed that appellant attend a mental health day care program in Live Oak. Two weeks later, the trial court ordered appellant committed when she failed to attend the day treatment program.
Having reviewed the record, we can find no clear and convincing evidence that appellant was a present danger to herself or to others or that she was unable to survive in the conditions she was residing in at the time she was ordered committed. Schexnayder v. State, 495 So.2d 850 (Fla. 1st DCA 1986); § 394.467(1)(a)2, Florida Statutes (1987). Even though the other criteria set out in section 394.467(1) might be met, a non-dangerous individual, capable of surviving safely in freedom by herself or with the help of others, should never be involuntarily committed. In re Beverly, 342 So.2d 481 (Fla. 1977). The mere need for treatment alone is insufficient to commit an individual. Neff v. State, 356 So.2d 901 (Fla. 1st DCA 1978).
The trial court, however, retains continuing jurisdiction to order placement upon a sufficient showing by the state that the statutory criteria are met. Therefore, the order of involuntary placement is REVERSED.
MILLS and WENTWORTH, JJ., concur.