PER CURIAM.
This is an appeal from an order placing appellant involuntarily in Florida State Hospital pursuant to section 394.467, Florida Statutes (1991). We reverse and vacate the order of commitment.
In order to involuntarily confine a mentally ill person for treatment pursuant to section 394.467, the court must find that: (1) the person is mentally ill; (2) because of mental illness, the person has refused placement or is unable to determine whether placement is necessary; (3) the person is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, and without treatment is likely to suffer from neglect or refuse to care for herself and such neglect or refusal poses a real and present threat of substantial harm to her well-being, or there is substantial likelihood that in the near future she will inflict serious bodily harm on herself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm; and (4) all relevant and available less restrictive treatment alternatives are inappropriate. The standard of proof in state involuntary commitment proceedings is clear and convincing. In re Beverly, 342 So.2d 481 (Fla.1977).
The only witness called by the state was Dr. DeMoya, a psychiatrist. He testi *353 fied that appellant refused to cooperate with any treatment recommended. He never stated what treatment or medication was recommended or necessary. Dr. DeMoya testified that appellant was in danger of self-neglect or some violent act and needed to be involuntarily placed for further care and supervision because she is unable to make good decisions about her well-being, but he did not state the nature of the self-neglect that appellant would sustain if not committed. Cf. Welk v. State, 542 So.2d 1348 (Fla. 1st DCA 1989); Schexnayder v. State, 495 So.2d 850 (Fla. 1st DCA 1986). The record does not support, by clear and convincing evidence, the conclusion that appellant met the third criterion necessary for involuntary placement.
The observation in Schexnayder is equally applicable to the present case:
We recognize that the problem dealt with here is an ongoing one, that conditions change, and indeed, that the state may be obliged to institute further proceedings for the protection of the appellant. However, this knowledge cannot justify our failure to act on the basis of the record as we find it today.
495 So.2d at 852. The order for involuntary hospitalization of appellant is reversed and vacated, and it is ordered that appellant be discharged.
SMITH, BARFIELD and MICKLE, JJ., concur.