764 So.2d 697 (2000)
Carolyn BLUE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3319.
District Court of Appeal of Florida, First District.
June 12, 2000.
*698 Louis O. Frost, Jr., Public Defender, and Ward L. Metzger, Assistant Public Defender, Jacksonville, Attorneys for Appellant.
Robert A. Butterworth, Attorney General, and Amelia L. Beisner, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
Appellant appeals an order of involuntary placement entered pursuant to section 394.467, Florida Statutes (1999). We reverse and remand for further proceedings.
In an involuntary commitment proceeding, the State bears the burden of proving by clear and convincing evidence that the statutory criteria authorizing involuntary commitment have been met. In re Beverly, 342 So.2d 481 (Fla.1977); Salter v. State, 618 So.2d 352 (Fla. 1st DCA 1993).
Without question, Appellant meets the criteria of section 394.467(1)(a)1. She is mentally ill, she has refused voluntary placement, and she may not be able to determine for herself whether placement is necessary. At issue is whether the State proved by clear and convincing evidence the criteria contained in section 394.467(1)(a)2.
The State established that Appellant refuses to take her medication, and therefore she is not stable and her mental condition may be deteriorating. This evidence alone does not in itself justify a Baker Act commitment. Adams v. State, 713 So.2d 1063 (Fla. 1st DCA 1998).
However, Appellant's sister testified that she "cannot survive on her own" and that she scares her mother and the children in the family. Appellant is unable to care for her own children, and her mother must financially support her. It appears Appellant can no longer survive with the help of willing and responsible family or friends. She refuses voluntary treatment. Yet, other than proving her condition is deteriorating, the State did not establish that without treatment she would suffer from neglect or would refuse to care for herself.
Appellant is unstable and threatening to others at times. Her emotional outbursts scare her family. Her examining psychiatrist testified Appellant can be pleasant sometimes, but is generally very argumentative and hostile. Her interaction with other patients can escalate into conflicts and problems. Without specificity, the evidence is not clear and convincing that there is a substantial likelihood that in the near future Appellant will inflict serious bodily harm on herself or another person. Lyon v. State, 724 So.2d 1241 (Fla. 1st DCA 1999)(expert psychiatrist's testimony that if the patient were not on medication she would neglect herself, without specifying the nature of the self-neglect in a way that established any real and present threat of substantial harm to her well-being, could not support involuntary commitment).
As in Smith v. State, 508 So.2d 1292 (Fla. 1st DCA 1987), we find a deficiency in the proof to meet the requirements of section 394.467(1). While it appears Appellant may be a threat to herself or others now or in the near future, such evidence was not thoroughly examined below.
*699 The trial court is hereby ordered to elicit further testimony to establish the statutory criteria, or otherwise order Appellant discharged.
REVERSED and REMANDED.
JOANOS and WEBSTER, JJ., CONCUR; BOOTH, J., DISSENTS.
BOOTH, J., dissenting.
I would affirm.