765 So.2d 180 (2000)
Barbara SINGLETARY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3092.
District Court of Appeal of Florida, First District.
July 12, 2000.
Rehearing Denied August 2, 2000.
*181 Louis O. Frost, Jr., Public Defender; Ward L. Metzger, Assistant Public Defender, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General; Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Barbara Singletary appeals her involuntary placement in the Northeast Florida State Hospital. She contends that the state failed to present clear and convincing evidence that she met the criteria for involuntary placement. We agree and reverse.
The state has the burden to establish the criteria for involuntary placement set out in section 394.467, Florida Statutes (1999), by clear and convincing evidence. See In re Beverly, 342 So.2d 481 (Fla. 1977); Archer v. State, 681 So.2d 296 (Fla. 1st DCA 1996); Jones v. State, 611 So.2d 577 (Fla. 1st DCA 1992); Braden v. State, 575 So.2d 756 (Fla. 1st DCA 1991); Welk v. State, 542 So.2d 1343 (Fla. 1st DCA 1989); Williams v. State, 522 So.2d 983 (Fla. 1st DCA 1988); Smith v. State, 508 So.2d 1292 (Fla. 1st DCA 1987); Neff v. State, 356 So.2d 901 (Fla. 1st DCA 1978).
The evidence at the hearing below showed that Ms. Singletary's illness manifests itself primarily in religious delusions. The mere fact of mental illness is insufficient justification for involuntary commitment. See Adams v. State, 713 So.2d 1063 (Fla. 1st DCA 1998); Williams, 522 So.2d at 984. See also Lyon v. State, 724 So.2d 1241 (Fla. 1st DCA 1999); Salter v. State, 618 So.2d 352 (Fla. 1st DCA 1993). Many of her symptoms may be controlled by medication, the evidence showed, but doctors testified she has a tendency to neglect taking medications prescribed for her.
Ms. Singletary's mother, Roberta White, testified that she wanted her daughter to live with her. Ms. White testified she would ensure that her daughter continued to take her medication, and promised to initiate involuntary commitment proceedings if she did not. Ms. White testified that she intended to take Ms. Singletary out of what she perceived to be a harmful environment in their Jacksonville neighborhood and live instead with relatives in Jasper.
Although the state presented witnesses who believed placement with Ms. Singletary's mother was not a viable alternative, they based their opinions on past experience in the neighborhood and failed to take into account the changes Ms. White proposed. In light of Ms. White's testimony, the state did not present clear and convincing evidence that less restrictive treatment alternatives were unavailable. See § 394.467(1)(b), Fla. Stat. (1997); L.A. v. State, 530 So.2d 489, 490 (Fla. 1st DCA 1988) ("[A] non-dangerous individual, capable of surviving safely in freedom by herself with the help of others, should not be involuntarily committed.").
Finally, although the state presented vague testimony that Ms. Singletary may have threatened others at some point in the past, it concedes on appeal that the testimony it adduced does not amount to clear and convincing evidence that she is currently a danger to others. See Schexnayder v. State, 495 So.2d 850, 852 (Fla. 1st DCA 1986) (recognizing that, even though the problem may be an ongoing one, the court is bound to act on the record as presented at the time of involuntary placement). Nor was the testimony that she would likely have to be rehospitalized, if she did not take her medicine, sufficient to prove "a real and present threat of substantial harm to ... her wellbeing." § 394.467(1)(a)2 a, Fla. Stat. (1999).
*182 The order granting the petition for involuntary placement is reversed.
ERVIN and BENTON, JJ., CONCUR; BOOTH, J., DISSENTS.