775 So.2d 408 (2000)
Brenda J. BOLLER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2489.
District Court of Appeal of Florida, First District.
December 29, 2000.
*409 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Sean F. Callaghan, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals an order of involuntary commitment entered pursuant to section 394.467, Florida Statutes (1999), on grounds that the State failed to present clear and convincing evidence that she met the required statutory criteria. We agree and reverse.
"In an involuntary commitment proceeding, the State bears the burden of proving by clear and convincing evidence that the statutory criteria authorizing involuntary commitment have been met." Blue v. State, 764 So.2d 697, 698 (Fla. 1st DCA 2000); see also Singletary v. State, 765 So.2d 180, 181 (Fla. 1st DCA 2000). It is well-settled that the need for treatment and medication and the refusal to take psychotropic medication despite a deteriorating mental condition, standing alone, do not justify involuntary commitment under the Baker Act. See Blue, 764 So.2d at 698; Singletary, 765 So.2d at 181; Adams v. State, 713 So.2d 1063 (Fla. 1st DCA 1998). Rather, there must also be clear and convincing evidence that without treatment, the patient would pose a real and present threat of substantial harm to herself, or a substantial likelihood that in the near future she will inflict serious bodily harm on herself or another, as evidenced by recent *410 behavior. See § 394.467(1)(a)2, Fla. Stat. (1999); Adams, 713 So.2d at 1063. Conclusory testimony, unsubstantiated by facts in evidence, that a patient has a potential for aggression and the possibility of substantial harm to herself, is insufficient to satisfy the statutory criteria by the clear and convincing evidence standard. See Wade v. Northeast Florida State, 655 So.2d 125 (Fla. 1st DCA 1995).
Sub judice, although the State established Appellant is mentally ill and refuses to take her psychotropic medications, the record contains no clear and convincing evidence that she poses a present threat of substantial harm to herself or a substantial likelihood that in the near future she will inflict serious bodily harm on herself or another. In sum, the testimony presented was that, because Appellant refused to take her psychotropic medicine, she was incapable of surviving by herself and was likely to suffer neglect which would pose a real and present threat of substantial harm to her well-being. The neglect and harm Appellant was likely to suffer was the failure to take her psychotropic medication. Less confining facilities were considered inappropriate because Appellant was not compliant in taking her psychotropic medications. Thus, in effect, Appellant was involuntarily committed because she refused to take her psychotropic medication. As discussed, refusal to take medication is insufficient to warrant involuntary placement. See Blue, 764 So.2d at 698; Adams, 713 So.2d at 1063.
Similarly, the record lacks clear and convincing evidence of a substantial likelihood that Appellant will inflict serious bodily harm on herself or another in the near future. The expert psychiatrist testified in a general and conclusory manner that it was "more likely than not" that Appellant might inflict serious bodily harm on herself or another person. However, he did not testify as to what recent behavior of Appellant's indicated a likelihood that Appellant would inflict such harm. Appellant's daughter testified that her "main concern" was that Appellant may act in "self-defense" because she believes people are trying to kill her. Although there was testimony that Appellant had previously slapped a hospital staff member in the face when Appellant was being taken into seclusion, there is no evidence that the slap caused serious bodily harm, or that Appellant would inflict serious bodily harm on herself or another in the future. See Blue, 764 So.2d at 698 (without specificity, evidence that a person has emotional outbursts that scare her family, coupled with testimony that the person is generally very argumentative and hostile, and that her interactions with others can escalate into conflicts and problems, fails to meet clear and convincing standard that in near future, person will inflict serious bodily harm on herself or another). Moreover, testimony that a person may have threatened someone in the past does not amount to clear and convincing evidence that she is a current danger to others. See Singletary, 765 So.2d at 181, citing Schexnayder v. State, 495 So.2d 850, 852 (Fla. 1st DCA 1986) (even though a problem may be ongoing, the court is bound to act on the record as presented at the time of the involuntary placement).
In the present case, the testimony indicated Appellant was not suicidal, but there was general "concern" that Appellant was "likely" to "lash out at others." Without greater specificity, this general, conclusory evidence is insufficient to meet the clear and convincing evidence standard required for involuntary commitment. See Bacon v. State, 676 So.2d 69 (Fla. 1st DCA 1996); Wade, 655 So.2d at 125.
The trial court is hereby directed to elicit further testimony to establish the required statutory criteria or otherwise order Appellant discharged.
REVERSED and REMANDED.
KAHN J., concurs; JOANOS, J., dissents.