PER CURIAM.
The appellant appeals the trial court’s order of involuntary commitment entered pursuant to section 394.467, Florida Statutes (2004). The appellant argues that the trial court erred in ordering his commitment where the trial court’s findings that he was incapable of surviving alone or with the aid of others and that no less restrictive alternatives were available were not supported by clear and convincing evidence. Because the trial court erred in finding that no less restrictive alternatives were available, we reverse.
*225 Under section 394.467, Florida Statutes, the state must present clear and convincing evidence of the statutory criteria before a person may be involuntarily placed for treatment. See Boiler v. State, 775 So.2d 408, 409 (Fla. 1st DCA 2000). A trial court’s determination in this regard will be upheld on appeal if the record contains competent substantial evidence to support the trial court’s findings. See, e,g., Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Williams v. Davis, 459 So.2d 406, 408 (Fla. 1st DCA 1984).
Under section 394.467(1), the state must show, among other criteria, that “[a]ll available less restrictive treatment alternatives which would offer an opportunity for improvement of his or her condition have been judged to bé inappropriate.” § 394.467(l)(b), Fla. Stat. (2004). In the instant case, the trial court found that there were no less restrictive measures available because, if discharged from the mental health facility, the appellant would be released to the Walton County Jail, where it was alleged that he would not receive his prescribed medication. This was established in the record by the mental health professional’s testimony that the appellant had previously been discharged to the Walton County Jail and was soon thereafter readmitted to the mental health facility, apparently not on his prescribed medication. The record also includes the unsworn statement by the Assistant State Attorney that, if readmitted, the appellant would be reevaluated by the jail’s psychiatrist and that evaluation may not occur for up to a month.
As such, there is no direct testimony, by a person with actual knowledge of what the appellant’s treatment would be if returned to the Walton County Jail. Therefore, the record does not contain clear and convincing evidence to support the trial court’s finding that no less restrictive alternatives were available.. See Boller, 775 So.2d at 409. Furthermore, such an argument, that the jail was. not going to provide the appellant his medication, is an inappropriate basis to support an order of involuntary commitment. The jail has an absolute duty to provide the appellant his prescribed mental health medication. See generally Waldrop v. Evans, 871 F.2d 1030, 1033 (llth Cir.1989) (stating that a jail’s failure to respond to a known medical condition can constitute a violation of the defendant’s Eight Amendment rights); Nelson v. Prison Health Servs., Inc., 991 F.Supp. 1452, 1461-62 (M.D.Fla.1997). Accordingly, the trial court is hereby directed to elicit further testimony to establish the required statutory criteria or otherwise order the appellant discharged.
REVERSED and REMANDED.
ERVIN, BROWNING and LEWIS, JJ., concur.