PER CURIAM.
This is an appeal from an order of involuntary commitment entered pursuant to section 394.467, Florida Statutes (2004). Appellant asserts that the state failed to present clear and convincing evidence that he met the required statutory criteria for involuntary commitment. The state has filed a confession of error. Although we are concerned about the significant problems that can occur when mental health patients refuse to take their prescribed *1026 medication, the statute and case law require reversal.
“In an involuntary commitment proceeding, the State bears the burden of proving by clear and convincing evidence that the statutory criteria authorizing involuntary commitment have been met.” Blue v. State, 764 So.2d 697, 698 (Fla. 1st DCA 2000); see also Boiler v. State, 775 So.2d 408 (Fla. 1st DCA 2000); Singletary v. State, 765 So.2d 180 (Fla. 1st DCA 2000). It is well-settled that the need for treatment and medication and the refusal to take medication despite a deteriorating mental condition, standing alone, do not justify involuntary commitment under the Baker Act. See Blue, 764 So.2d at 698; Boiler, 775 So.2d at 410; Singletary, 765 So.2d at 181. Rather, there must also be clear and convincing evidence that without treatment, the patient would pose a real and present threat of substantial harm to himself, or a substantial likelihood that in the near future he will inflict serious bodily harm on himself or another, as evidenced by recent behavior. See § 394.467(1)(a)2, Fla. Stat. (2004); Adams v. State, 713 So.2d 1063 (Fla. 1st DCA 1998).
Upon review of the record, we have determined that the confession of error is proper. Accordingly, the involuntary commitment order is reversed and the case is remanded for the trial court to order the appellant discharged.
No motion for rehearing will be entertained and the clerk of this court is directed to issue the mandate forthwith,
REVERSED AND REMANDED.
WOLF, C.J., VAN NORTWICK and THOMAS, JJ., concur.