IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT


C.W.,

      Petitioner,

 v.                                       Case No.  5D17-1023
                                              LT No. 17-10474-CIDL
                                              ==CORRECTED==


STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed April 12, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

James S. Purdy, Public Defender, and
Wilbur L. Cooke, II, Assistant Public
Defender, Daytona Beach, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Diana R. Esposito,
Assistant Attorney General, Tampa, for
Respondent.

PER CURIAM.

      C.W. petitions for a writ of habeas corpus for his release from his involuntary

confinement at the Halifax Health Medical Center ("Medical Center") in Daytona Beach,

Florida.  C.W. was admitted to the Medical Center for involuntary examination under the

Baker Act[1] on February 11, 2017.  At a hearing held on February 17, 2017, the circuit

---

[1] § 394.463(2)(a)3., Fla. Stat. (2016).

court determined that C.W. met the criteria for involuntary commitment and issued an order for involuntary inpatient placement at the Medical Center under section 394.467(1), Florida Statutes (2016).

On March 28, 2017, Appellant petitioned the circuit court for a writ of habeas corpus.[2] The circuit court held a hearing on the petition on March 30, 2017. The circuit court heard testimony from C.W.'s doctor, Dr. Chaiffetz, that C.W. would benefit from "extended stabilization" and that there was a risk of "decompensation" without the structured environment of the Medical Center. Dr. Chaiffetz noted that C.W. had been released previously only to relapse and be readmitted a short time later. The circuit court denied the petition stating that it believed involuntary placement in the Medical Center was "a lifeboat" for C.W. The circuit court explained that C.W. needed to "stay in this lifeboat a little bit longer" and that the court was "trying desperately to get [C.W.] to do that."

C.W. contends that he is entitled to immediate release because the record does not contain clear and convincing evidence that he is a danger to himself or others. The State properly concedes error and agrees that the writ of habeas corpus should be granted. Accordingly, we grant C.W.'s petition for writ of habeas corpus and order his immediate release. See § 394.467(1)(a), Fla. Stat. (2016); In re Lehrke, 12 So. 3d 307, 308-09 (Fla. 2d DCA 2009) (citing Blue v. State, 764 So. 2d 697, 698 (Fla. 1st DCA 2000)). No motion for rehearing will be entertained.

PETITION GRANTED.

PALMER, BERGER and EDWARDS, JJ., concur.

_____

[2] The involuntary placement proceeding occurred in Case No. 2017-10248-MHDL while the habeas corpus petition was docketed as Case No. 2017-10474-CIDL.