IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SCOTT ALLEN SANDERS,

     Petitioner,

 v.                                          Case No.  5D18-475

STATE OF FLORIDA,

     Respondent.

_____/

Opinion filed March 28, 2018

Petition for Writ of Certiorari,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, and
Daniel S. Spencer, Assistant Public
Defender, Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Respondent.


PER CURIAM.

     Scott Allen Sanders petitions for a writ of habeas corpus and certiorari relief from

the trial court's order finding him to be incompetent to proceed in a criminal case and

involuntarily committing him to the Department of Children and Families ("DCF").[1]

---

[1] We treat the petition as a petition for writ of certiorari.  *See In re Commitment of Reilly*, 970 So. 2d 453, 455 (Fla. 2d DCA 2007) ("As a general rule, certiorari is the proper vehicle for this court's review of orders committing an individual involuntarily.").

Sanders does not contest the finding that he is incompetent to proceed due to mental illness, but he challenges the court's determination that the State established the statutory requirements for involuntary commitment by clear and convincing evidence. Concluding that the trial court's order departed from the essential requirements of law, we grant the petition and issue the writ.

Sanders was charged with burglary of a structure. The trial court appointed two mental health experts to examine Sanders to determine whether he was competent to proceed to trial. Each expert prepared a report that was submitted to the court, and both later testified at the hearing to determine whether Sanders was to be involuntarily committed to the State Hospital. The trial court found that Sanders should be committed under section 916.13(1)(a)1., Florida Statutes (2017), which provides:

> (1) Every defendant who is charged with a felony and who is adjudicated incompetent to proceed may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that:
>
> (a) The defendant has a mental illness and because of the mental illness:
>
> 1. The defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the defendant's well-being.

The experts disagreed as to whether Sanders should be involuntarily hospitalized. One expert opined that Sanders should be committed because he clearly would not take his medications to cope with the delusions he suffers related to his mental illness and that anything less restrictive than involuntary hospitalization would not lead to a restoration of

competency because Sanders's medication intake needed to be monitored. However, no testimony or evidence was presented at the hearing specifying the nature of the self-neglect or substantial harm to Sanders, as required under this statute, if he were not involuntarily committed. Further, the written report of this expert described Sanders as appearing to be an intelligent man, albeit with untreated symptoms of schizophrenia, who resided in an apartment, had adequate hygiene, and was alert and oriented in "person, place, time, and situation," and whose speech and comprehension for casual conversation was "fine."

"In an involuntary commitment proceeding, the State bears the burden of proving by clear and convincing evidence that the statutory criteria authorizing involuntary commitment have been met." *Boller v. State*, 775 So. 2d 408, 409 (Fla. 1st DCA 2000) (quoting *Blue v. State*, 764 So. 2d 697, 698 (Fla. 1st DCA 2000)). Moreover, "[i]t is well-settled that the need for treatment and medication and the refusal to take psychotropic medication despite a deteriorating mental condition, standing alone, do not justify involuntary commitment." *Id.*[2]

We conclude that the testimony and evidence presented at this hearing did not clearly and convincingly establish that Sanders met the statutory criteria for involuntary commitment. *See Lyon v. State*, 724 So. 2d 1241, 1242–43 (Fla. 1st DCA 1999) (holding that a psychiatrist's testimony that the patient, who was alleged to be schizophrenic, would neglect herself if she were not on medication, without specifying the nature of the

---

[2] In *Boller*, the First District Court of Appeal addressed an involuntary commitment pursuant to the 1999 version of the Baker Act; specifically, section 394.467(1)(a)2.a., the language and requirements of which are nearly identical to section 916.13(1)(a)1., Florida Statutes (2017). *See* 775 So. 2d at 409.

self-neglect in a manner that established any real and present threat of substantial harm to the patient's well-being, could not support involuntary commitment). Accordingly, we grant the petition, quash the order for involuntary commitment, and remand to the trial court to hold a hearing to determine the appropriate mental health treatment for Sanders in accordance with Florida Rule of Criminal Procedure 3.212(c)(1)–(2) and (d). *See, e.g., Gatlin v. State*, 79 So. 3d 202, 204 (Fla. 2d DCA 2012).

PETITION GRANTED; ORDER QUASHED; REMANDED.

PALMER, LAMBERT, and EDWARDS, JJ., concur.