IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT


L.G.,

    Petitioner,

 v.

STATE OF FLORIDA,

    Respondent.

Case No.  5D18-1718
LT No: 2018-10864-MHDL

_____/

Opinion filed May 31, 2018

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

James S. Purdy, Public Defender, and
Wilber Lee Cooke, II, Assistant Public
Defender, Daytona Beach, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Caroline Johnson
Levine, Assistant Attorney General,
Daytona Beach, for Respondent.


PER CURIAM.

    L.G. petitions for a writ of habeas corpus for his release from his involuntary

confinement at the Halifax Health Medical Center (Medical Center) in Daytona Beach,

Florida. In May 2018, pursuant to the Baker Act,[1] L.G. was admitted to the Medical Center

for involuntary examination. On May 24, 2018, the trial court held a Baker Act hearing.

---

[1] § 394.463(2)(a)3., Fla. Stat. (2017).

After hearing the treating physician's testimony that L.G. would benefit from ongoing care, the trial court ordered L.G. to remain in the Medical Center for four weeks under a continuance, over L.G.'s objection.

L.G. asserts that he is entitled to immediate release because the record does not contain clear and convincing evidence that he is a danger to himself or others. The State properly concedes error and agrees that this court should grant the writ of habeas corpus. Accordingly, we grant L.G.'s petition for writ of habeas corpus and order his immediate release. See C.W. v. State, 214 So. 3d 796, 797 (Fla. 5th DCA 2017) (granting habeas corpus petition where trial court involuntarily committed petitioner without clear and convincing evidence that he was a danger to himself or others) (citing § 394.467(1)(a), Fla. Stat. (2016); In re Lehrke, 12 So. 3d 307, 308–09 (Fla. 2d DCA 2009)). No motion for rehearing will be entertained.

PETITION GRANTED.

EVANDER, WALLIS and EDWARDS, JJ., concur.