IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

D.F.,

    Petitioner,

 v.

STATE OF FLORIDA,

    Respondent.

Case No.  5D18-1720
LT No: 2018-10887-MHDL

_____/

Opinion filed June 5, 2018

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

James S. Purdy, Public Defender, and
Wilber Lee Cooke, II, Assistant Public
Defender, Daytona Beach, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Caroline Johnson
Levine, Assistant Attorney General,
Tampa, for Respondent.

PER CURIAM.

    Petitioner filed a petition for writ of habeas corpus pursuant to section 79.01,

Florida Statutes (2017), and section 394.459(8), Florida Statutes (2017), alleging that he

was unlawfully detained as the State failed to present substantial, competent evidence to

justify his detention at his Baker Act hearing.[1] The State properly conceded error.  Finding

_____

    [1] § 394.467, Fla. Stat. (2017).

that Petitioner was entitled to immediate relief, we granted the petition by unpublished order and stated that an opinion would follow to explain our decision.

Petitioner was admitted for involuntary examination under section 394.463(2)(a)(2), Florida Statutes (2017) ("Baker Act"), where Dr. Chaiffetz diagnosed him with schizophrenia. At the Petitioner's Baker Act hearing, Dr. Chaiffetz testified that the most concerning issue was Petitioner's poor oral intake, as Petitioner would not eat food that was not pre-packaged or drink water that was not bottled. Dr. Chaiffetz characterized this as a "self-care deficit." Other than Petitioner's preference for pre-packaged food and bottled water, the only other evidence offered was Petitioner's diagnosis and the fact that he was no longer taking his medications due to insurance issues.

At the close of the State's case, Petitioner declined to testify on his own behalf. The trial court indicated at the close of evidence that Petitioner's silence had "hurt him" and ordered the Petitioner to remain at the medical facility.

"Individuals subject to Baker Act commitment hearings are entitled to the strict enforcement of their fundamental due process rights." *Doe v. State*, 217 So. 3d 1020, 1026 (Fla. 2017). The State must prove by clear and convincing evidence that involuntary commitment is necessary. *In re Lehrke*, 12 So. 3d 307, 308 (Fla. 2d DCA 2009). Importantly, the mere fact that an individual might suffer from a mental illness is not sufficient standing alone to justify involuntary commitment. *Singletary v. State*, 765 So. 2d 180, 181 (Fla. 1st DCA 2000). Rather, the State must also show that the party is likely to suffer neglect without treatment or that a substantial likelihood exists that the party will

2

inflict serious bodily harm on himself in the near future, based upon recent behavior such as causing, attempting, or threatening to do such harm. *Lehrke*, 12 So. 3d at 308–09.

The State's evidence at the hearing fell woefully short. First, there was absolutely no evidence that Petitioner's insistence on pre-packaged food and bottled water while at the medical facility would lead to his neglect or harm others. This evidence, without some substantial explanation as to how and why it would lead to neglect or harm to others, is inadequate to justify Petitioner's continued involuntary commitment.

Second, the Petitioner had no obligation to testify or even speak at the hearing, and his decision to remain silent cannot be used to support his continued confinement. § 394.467(6)(a)3., Fla. Stat. (2017) ("The patient may refuse to testify at the hearing."). The trial court's suggestion to the contrary was improper.

PETITION GRANTED.

COHEN, C.J., ORFINGER and EISNAUGLE, JJ., concur.