DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER BESS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1387

[January 5, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case No. 50-2021-MH-001024-XXXX-SB.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jacqueline I. Kurland, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

In this appeal of an order involuntarily committing appellant pursuant to the Baker Act, appellant contends that the State did not prove by competent substantial evidence that the statutory requirements of the Baker Act were met. We agree and reverse.

At a hearing for involuntary commitment in front of a magistrate, a psychiatrist testified that he encountered appellant in the emergency room of a hospital. She was bipolar and experiencing a manic episode. He saw her the next day and again just before the hearing. She was fifty percent better by the time of the hearing but was in need of medication. The doctor testified that he did not think she was in danger of self-neglect, but he believed that she was in danger of hurting herself or others, thus the need for involuntary commitment. He did not testify to any recent incidents of violence. In fact, the only incident he knew of was an assault by appellant on the father of one of her children several years earlier.

Appellant testified that she wanted to go home and continue treatment on an outpatient basis. She had a business to attend to, and she was also responsible for her mother who has dementia. The trial court ruled in the State's favor, ordering appellant's commitment. Appellant then filed this appeal.

Section 394.467, Florida Statutes (2021), lays out specific criteria which the State must prove to order the involuntary inpatient placement of an individual as follows:

> (1) Criteria.--A person may be ordered for involuntary inpatient placement for treatment upon a finding of the court by clear and convincing evidence that:
>
> (a) He or she has a mental illness and because of his or her mental illness:
>
> 1. a. He or she has refused voluntary inpatient placement for treatment after sufficient and conscientious explanation and disclosure of the purpose of inpatient placement for treatment; or
>
> b. He or she is unable to determine for himself or herself whether inpatient placement is necessary; and
>
> 2. a. He or she is incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, is likely to suffer from neglect or refuse to care for himself or herself, and such neglect or refusal poses a real and present threat of substantial harm to his or her well-being; or
>
> *b. There is substantial likelihood that in the near future he or she will inflict serious bodily harm on self or others, as evidenced by recent behavior causing, attempting, or threatening such harm;* and
>
> (b) All available less restrictive treatment alternatives that would offer an opportunity for improvement of his or her condition have been judged to be inappropriate.

(Emphasis added.)

2

"[T]here must also be clear and convincing evidence that without treatment, the patient would pose a real and present threat of substantial harm to herself, or a substantial likelihood that in the near future she will inflict serious bodily harm on herself or another, as evidenced by recent behavior." *Boller v. State*, 775 So. 2d 408, 409 (Fla. 1st DCA 2000) (citing § 394.467(1)(a)2., Fla. Stat. (1999); *Adams v. State*, 713 So. 2d 1063, 1063 (Fla. 1st DCA 1998)). "Importantly, '[c]onclusory testimony, unsubstantiated by facts in evidence . . . is insufficient to satisfy the statutory criteria by the clear and convincing evidence standard.'" *J.B. v. State*, 307 So. 3d 986, 988 (Fla. 5th DCA 2020) (quoting *Boller*, 775 So. 2d at 410).

In this case, the criteria for involuntary commitment were not met. The doctor testified that appellant was not in danger of self-neglect, negating the existence of section 394.467(1)(a)2.a., as a criteria for commitment. As to 2.b., while the doctor testified that he believed that appellant was in danger of harming herself or others, his testimony was insufficient. The doctor did not testify to any altercations between appellant and other patients or staff since appellant was Baker Acted in the hospital emergency room. Nor had appellant evinced any suicidal ideation or done anything to harm herself. His opinion was not based upon recent behavior causing, attempting, or threatening harm. He could only point to an assault by appellant several years ago. That is not recent behavior, and thus there was no evidence to support his conclusion of a likelihood of harm. His testimony was conclusory, without any support of facts in evidence.

This case is similar to *Blue v. State*, 764 So. 2d 697 (Fla. 1st DCA 2000). The issue in *Blue*, as here, was whether the State proved by clear and convincing evidence the criteria contained in section 394.467(1)(a)2. *Id.* at 698. As to neglect, the court determined that the State failed to establish that Blue would suffer from neglect or would refuse to care for herself. As to showing that Blue was substantially likely to inflict bodily harm on herself or others, the court noted that the testimony showed that Blue was unstable and threatening to others at times; had emotional outbursts; was very argumentative and hostile; and her interaction with other patients could escalate into conflicts and problems. On this record, the court found that the State failed to show with "specificity" that there was a substantial likelihood that in the near future Blue "will inflict serious bodily harm on herself or another person." *Id. See also Henson v. State*, 801 So. 2d 316 (Fla. 1st DCA 2001) (finding State did not prove substantial risk of serious harm where witnesses testified that patient was argumentative but did not observe any violence, and doctor could not recall any incidences where patient was involved in physical confrontation).

The State points to a need for treatment as a ground to justify the commitment. However, "[i]t is well-settled that the need for treatment and medication and the refusal to take psychotropic medication despite a deteriorating mental condition, standing alone, do not justify involuntary commitment under the Baker Act." *Boller*, 775 So. 2d at 409 (citing *Blue*, 764 So. 2d at 698; *Singletary v. State*, 765 So. 2d 180, 181 (Fla. 1st DCA 2000)).

The State failed to present any competent substantial evidence of all the criteria required for involuntary commitment. We thus reverse the order of commitment.[1]

*Reversed.*

CONNER, C.J., WARNER and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] While the commitment has long since ended, because of potential collateral consequences, this appeal is not moot. *Godwin v. State*, 593 So. 2d 211, 214 (Fla. 1992); *Swida v. State*, 596 So. 2d 670, 671 (Fla. 1992); *Archer v. State*, 681 So. 2d 296, 297–98 (Fla. 1st DCA 1996).