DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN WESLEY KOGEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2093

[June 8, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 502021MH002001XXXXSB.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jacqueline I. Kurland, Senior Assistant Attorney General, Fort Lauderdale, for appellee.

KUNTZ, J.

John Kogel appeals the circuit court's order granting a petition for involuntary inpatient placement. Under section 394.467, Florida Statutes (2020), also known as the Baker Act, the State must present clear and convincing evidence of the statutory criteria before a person may be involuntarily placed for treatment. In this case, we conclude that the State failed to do so. So, we reverse.

The criteria for involuntary placement under the Baker Act is found in the statute:

> (1)    Criteria.--A person may be ordered for involuntary inpatient placement for treatment upon a finding of the court by clear and convincing evidence that:
>
> (a)    He or she has a mental illness and because of his or her mental illness:

> 1. a. He or she has refused voluntary inpatient placement for treatment after sufficient and conscientious explanation and disclosure of the purpose of inpatient placement for treatment; or
>
> b. He or she is unable to determine for himself or herself whether inpatient placement is necessary; and
>
> 2. a. He or she is incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, is likely to suffer from neglect or refuse to care for himself or herself, and such neglect or refusal poses a real and present threat of substantial harm to his or her well-being; or
>
> b. There is substantial likelihood that in the near future he or she will inflict serious bodily harm on self or others, as evidenced by recent behavior causing, attempting, or threatening such harm; and
>
> (b) All available less restrictive treatment alternatives that would offer an opportunity for improvement of his or her condition have been judged to be inappropriate.

§ 394.467(1)(a)-(b), Fla. Stat. (2020).

Kogel's challenge in this appeal is limited to section 394.467(1)(a)2.a. He argues the State did not establish that without treatment he was likely to suffer from neglect or refusal to care for himself, threatening substantial harm to his well-being. We agree.

At the evidentiary hearing, the State presented the testimony of a doctor that treated Kogel. The doctor testified that Kogel had a mental illness, was "chronically ill," and "started acting strangely and bizarrely" at the outpatient clinic.[1]

Additionally, the doctor testified that Kogel was likely to harm himself or others without treatment. But to support this conclusion, the doctor merely relied on the purported fear of Kogel's mother. The doctor testified: "I can only go with what . . . his mom's concerns are . . . that she did not feel safe. She didn't have any specific reasons, but she felt he needed to

---

[1] We describe the testimony about Kogel's mental illness with specificity only where relevant.

2

be in treatment acutely because . . . she feared for her safety basically."

This speculative belief cannot establish that Kogel was likely to harm himself or others. *See, e.g., Henson v. State*, 801 So. 2d 316, 317 (Fla. 1st DCA 2001); *see also Blue v. State*, 764 So. 2d 697, 698 (Fla. 1st DCA 2000). We recently explained:

> "[T]here must also be clear and convincing evidence that without treatment, the patient would pose a real and present threat of substantial harm to herself, or a substantial likelihood that in the near future she will inflict serious bodily harm on herself or another, as evidenced by recent behavior." *Boller v. State*, 775 So. 2d 408, 409 (Fla. 1st DCA 2000) (citing § 394.467(1)(a) 2., Fla. Stat. (1999); *Adams v. State*, 713 So. 2wd 1063, 1063 (Fla. 1st DCA 1998)). "Importantly, '[c]onclusory testimony, unsubstantiated by facts in evidence ... is insufficient to satisfy the statutory criteria by the clear and convincing evidence standard.'" *J.B. v. State*, 307 So. 3d 986, 988 (Fla. 5th DCA 2020) (quoting *Boller*, 775 So. 2d at 410).

*Bess v. State*, 336 So. 3d 36, 37-38 (Fla. 4th DCA 2022).

The doctor's testimony was speculative and conclusory. As a result, we reverse the circuit court's order granting a petition for involuntary inpatient placement.

*Reversed.*

CONNER, C.J., and GERBER, J., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

3