DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

—————————————————

In re Involuntary Placement of C.D.

C.D.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-2986

—————————————————

November 15, 2023


ORDER WITHDRAWING OPINION WITH SUBSTITUTED OPINION

On its own motion, the court withdraws its opinion of November 8, 2023, and substitutes the attached opinion in its place. Postopinion motions may be filed within 15 days of the substituted opinion.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

In re Involuntary Placement of C.D.

C.D.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-2986

_____

November 15, 2023

Appeal from the Circuit Court for Pasco County; James R. Stearns, Judge.

Sara Mollo, Public Defender of Sixth Judicial Circuit, and Philip M. Cohen, Assistant Public Defender, New Port Richey, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and James A. Hellickson, Assistant Attorney General, Tampa, for Appellee.


LABRIT, Judge.

C.D. appeals an order that involuntarily placed him in an inpatient treatment facility under the Baker Act, chapter 394, Florida Statutes (2022).[1] C.D. argues that the State failed to prove the statutory criteria

---

[1] We have jurisdiction to review the civil commitment order that finally disposed of the case against C.D. *See* Fla. R. App. P. 9.030(b)(1)(A); Fla. R. App. P. 9.170(a). And we apply the standard of review this court first outlined in *In re Drummond,* 69 So. 3d 1054, 1056–

for involuntary placement by clear and convincing evidence, as section 394.467 requires.  We agree.

Under subsection (1)(a)2 of section 394.467, the State had to prove one of two things: either that "without treatment, [C.D.] [wa]s likely to suffer from neglect or refuse to care for himself . . . , and such neglect or refusal pose[d] a real and present threat of substantial harm to his . . . well-being," § 394.467(1)(a)2.a, or that "[t]here [wa]s a substantial likelihood that in the near future he . . . w[ould] inflict serious bodily harm on self or others, as evidenced by recent behavior causing, attempting, or threatening such harm," § 394.467(1)(a)2.b.

The trial court found the latter—that C.D.'s behavior posed a substantial danger to others under section 394.467(1)(a)2.b—based on testimony from the State's testifying doctor.  But the doctor's testimony was conclusory and did not identify any recent behavior through which C.D. had caused, attempted, or threatened any serious bodily harm.  At most, the doctor testified that C.D. was "very argumentative" and "very paranoid," that he "gets agitated and is threatening to the staff," and that he "would be a possible risk" to himself and others without treatment. This evidence is not clear and convincing, and it is insufficient to support a finding that the State met the criteria in section 394.467(1)(a)2.b.[2]  *See In re Lehrke*, 12 So. 3d 307, 309 (Fla. 2d DCA 2009) (holding that

_____

58 (Fla. 2d DCA 2011), and more recently reiterated in *D.F. v. State*, 251 So. 3d 276, 279 (Fla. 2d DCA 2018).

[2] The evidence was equally insufficient to establish the alternative criteria in section 394.467(1)(a)2.a because neither the doctor's testimony nor any other evidence the State presented specified the nature of self-neglect or substantial harm that would arise if C.D. did not receive treatment.  *See Sanders v. State*, 242 So. 3d 464, 466 (Fla. 5th DCA 2018); *Lyon v. State*, 724 So. 2d 1241, 1242–43 (Fla. 1st DCA 2009).

evidence of the patient's "threatening" and "agitated" behavior, without more, was insufficient to support a finding that he was likely to inflict serious bodily harm on himself or others); *Wade v. Ne. Fla. State Hosp.*, 655 So. 2d 125, 125 (Fla. 1st DCA 1995) (concluding that evidence of the patient's "potential for aggression" and the "possibility of substantial harm" was insufficient where "[t]here was no testimony as to prior incidents involving substantial harm, nor any testimony as to the manner in which future conduct might produce the necessary level of harm under section 394.467(1)(a)2").

Thus, we reverse the order for involuntary placement and remand for entry of an order denying the State's petition.

Reversed and remanded.

KELLY and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.