# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1228
Lower Tribunal No. 24-000463MH

_____

IN RE: The Involuntary Placement of H.P.

H.P.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Russell T. Kirshy, Judge.

May 30, 2025

NARDELLA, J.

H.P. appeals an order involuntarily committing her to an inpatient facility. She raises two issues, but we write only to address her argument that the evidence fails to support the trial court's involuntary placement order. Because we agree that there is no substantial competent evidence to support the involuntary placement order, we reverse.

"In an involuntary commitment proceeding, the State bears the burden of proving by clear and convincing evidence that the statutory criteria authorizing involuntary commitment have been met." *Boller v. State*, 775 So. 2d 408, 409 (Fla. 1st DCA 2000) (quoting *Blue v. State*, 764 So. 2d 697, 698 (Fla. 1st DCA 2000)). That criterion includes  that the trial court find that:

> 1. The person has a mental illness and, because of his or her mental illness:
>
> a. He or she has refused voluntary inpatient placement for treatment after sufficient and conscientious explanation and disclosure of the purpose of treatment; or
>
> b. Is unable to determine for himself or herself whether inpatient placement is necessary; and
>
> 2. a. He or she is incapable of surviving alone or with the help of willing, able, and responsible family or friends, including available alternative services, and, without treatment, is likely to suffer from neglect or refuse to care for himself or herself, and such neglect or refusal poses a real and present threat of substantial harm to his or her well-being; or
>
> b. Without treatment, there is a substantial likelihood that in the near future the person will inflict serious bodily harm on self or others, as evidenced by recent behavior causing, attempting to cause, or threatening to cause such harm; and
>
> 3. All available less restrictive treatment alternatives that would offer an opportunity for improvement of the persons' condition have been deemed to be inappropriate or unavailable.

§ 394.467(2)(b)1.–3., Fla. Stat.

2

We agree with H.P. that the trial court's determination that there was clear and convincing evidence that the criterion was met is not supported by competent substantial evidence. In the present case, the State's sole witness was Dr. Chasanov whose testimony consisted only of what *might* happen if H.P. was discharged.

Dr. Chasanov testified that if H.P. was released "she could potentially fall into harm's way." He was concerned that with it being "extremely hot," H.P. "could get dehydrated." Other concerns included H.P. being an insulin dependent diabetic and that if she misses a dose "she could develop high blood sugar, end up in a diabetic ketoacidosis or diabetic coma." Although Dr. Chasanov had these concerns, he agreed that there was no evidence to support that prior to H.P.'s admission for evaluation she was not taking her diabetes medication nor that she was not eating or drinking. Dr. Chasanov also agreed that his testimony "is speculation or worry for her in the future" and that there is nothing documented in H.P.'s history that shows she has missed her insulin or otherwise fallen victim to the harm that he was concerned about.

Nothing about this testimony establishes a *real and present* threat of substantial harm to H.P.'s wellbeing or a substantial likelihood *in the near future* of substantial bodily harm to herself or another. Instead, the State's evidence presented only general conclusions of harm that could befall H.P., but no specific instances that would indicate a likelihood that such harm would occur. On this evidence alone,

it was error to order involuntary placement. *Cf. J.B. v. State*, 307 So. 3d 986, 987–988 (Fla. 5th DCA 2020) (evidence of mental health issue, issues managing hygiene, and home being in disrepair insufficient to order involuntary placement as there was no connection between this and a real and present threat of substantial harm); *Schexnayder v. State*, 495 So. 2d 850, 852 (Fla. 1st DCA 1986) (evidence insufficient to support involuntary placement where there was no evidence of dehydration or gross malnutrition and evidence showed patient had place to live, financial resources (income of $900 per month), insight into mental illness, knowledge of necessity for medication, and history of self-admissions to hospitals); *Welk v. State*, 542 So. 2d 1342, 1345 (Fla. 1st DCA 1989) ("[D]esire to find a suitable place for this apparently destitute woman in evident need of housing and some limited supervision to insure that she takes her medication as directed" is an insufficient basis to order involuntary placement.).

REVERSED.

STARGEL and MIZE, JJ., concur.

Blair Allen, Public Defender, and Joanna Beth Conner, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Jacqueline I. Kurland, Senior Assistant Attorney General, Fort Lauderdale, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED