# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**JEAN JOSEPH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-1337

[November 12, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2025-MH-001054-XXXA-NB.

Daniel Eisinger, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Jacqueline I. Kurland, Senior Assistant Attorney General, Fort Lauderdale, for appellee.

### *ON CONFESSION OF ERROR*

PER CURIAM.

Jean Joseph appeals an involuntary inpatient placement order[1] issued pursuant to the Baker Act.[2] Joseph contends the state's evidence was insufficient to demonstrate a finding of "mental illness" under the Baker Act. The state has conceded error. We agree the trial court erred.

To qualify as a "mental illness" under section 394.455(29), Florida Statutes (2025), an "impairment of [] mental or emotional processes" must affect a person's "exercise [of] conscious control of one's actions or of the ability to perceive or understand reality" and that impairment must also

---

[1] Appellant's release has not rendered this case moot. *See Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992).

[2] Part 1 of chapter 394 is referred to as "The Florida Mental Health Act" or "The Baker Act." § 394.451, Fla. Stat. (2025).

"substantially interfere[] with the person's ability to meet the ordinary demands of living." In addition, "there must [] be clear and convincing evidence that without treatment, the patient would pose a real and present threat of substantial harm to h[im]self, or a substantial likelihood that in the near future []he will inflict serious bodily harm on h[im]self or another, as evidenced by recent behavior." *Boller v. State*, 775 So. 2d 408, 409–10 (Fla. 1st DCA 2000) (citing § 394.467(1)(a)2, Fla. Stat. (1999)) (other citation omitted).

Upon our review of the record, we find no evidence that Joseph was affected by an impaired mental or emotional process as required by sections 394.455(29) and 394.467(1)(a)2. Rather, the evidence, at most, suggests a lack of self-care and a desire to not speak with hospital staff or otherwise submit to treatment. The state did not present any evidence to show that Joseph was delusional, thinking irrationally, or caused any concern that he would be likely to inflict serious bodily harm either to himself or someone else. As a result, we reverse the order imposing involuntary inpatient placement.

*Reversed.*

KUNTZ, C.J., GROSS and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely-filed motion for rehearing.**

2